CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 15 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHARLES W. REYNOLDS, | ) | |
| Petitioner, | ) | Civil Action No. 7:09-cv-00388 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| GENE M. JOHNSON, | ) | By: Samuel G. Wilson |
| Respondent. | ) | United States District Judge |

Petitioner Charles W. Reynolds, a Virginia inmate proceeding pro se, has filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2008 convictions and sentence in the Fluvanna County Circuit Court. Reynolds alleges that counsel provided ineffective assistance, that he was denied due process, that he was denied his right to appeal, and that his guilty plea was not knowing and voluntary. The court finds that Reynolds' petition is untimely and that there are no grounds for equitable tolling. Therefore, the court dismisses his petition.

I.

On March 13, 2008, after pleading guilty to both counts, the Fluvanna County Circuit Court entered judgment against Reynolds, finding him guilty of driving under the influence for the second time within 5 to 10 years and being a habitual offender and driving without a license for the second time. The court sentenced Reynolds to a total of six years, with three and half years suspended. Reynolds did not appeal. Reynolds filed a state habeas corpus petition in the Supreme Court of Virginia on May 28, 2009, which was dismissed August 14, 2009. Reynolds filed his federal habeas petition in this court on September 3, 2009. The court conditionally filed his petition, advised him that his petition appeared to be untimely filed, and gave him an opportunity to respond regarding the timeliness of his petition. Reynolds did not respond.

II.

A one-year statute of limitations applies when a person in custody pursuant to the judgment

of a state court files a federal petition for a writ of habeas corpus. 28 U.S.C. § 2244(d).[1] Reynolds did not meet this one-year statute of limitations. Reynolds had 365 days from April 14, 2008, the date on which his conviction became final, to file his federal habeas petition. Reynolds did not meet this April 14, 2009 deadline; in fact, by that date, Reynolds had yet to file his state habeas petition.[2] Accordingly, Reynolds' petition is barred unless he demonstrates grounds for equitable tolling of the one-year statute of limitations.[3] Reynolds has made no such demonstration.

Despite being given the opportunity to amend his petition, Reynolds makes no argument to support equitable tolling of the statute of limitations. Accordingly, the court finds that Reynolds has not demonstrated any grounds for equitable tolling and thus, his petition is untimely filed.

---

[1] Under 28 U.S.C. §2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ["AEDPA"] on April 24, 1996, a federal petition for writ of habeas corpus must be brought within one year from the latest of the following:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A - D). Here, Reynolds has alleged nothing to support the application of § 2244(d)(1)(B - D). Under § 2244(d)(1)(A), Reynolds' conviction became final on April 14, 2008, when his time to file an appeal expired.

[2] Reynolds' one-year clock had already run by the time he filed his state habeas petition; therefore, his state petition afforded Reynolds no tolling under § 2244(d)(2).

[3] A petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000). Otherwise, an untimely petition must be dismissed by a federal district court. 28 U.S.C. § 2244(d)(1)(A)-(D). A district court may apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d. 238, 246 (4th Cir. 2003) (citing Harris, 209 F.3d at 330). The petitioner must demonstrate that some action by the respondent or "some other extraordinary circumstance beyond his control" prevented him from complying with the statutory time limit, despite his exercise of "reasonable diligence in investigating and bringing the claims." Harris, 209 F.3d at 330 (citing Miller v. N.J. State Dep't of Corrs., 145 F.3d 616, 617 (3d Cir. 1998)).

## III.

For the reasons stated, the court dismisses Reynolds' petition as untimely.

ENTER: This 14th day of October, 2009.

_____
United States District Judge